UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

HENRY RENALDO PIPKINS, JR.,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 4:08cv66
Criminal Action No. 4:07cr58

## OPINION AND ORDER

Currently before the court is Henry Renaldo Pipkins, Jr.'s petition to vacate, set aside or

correct a sentence by a person in federal custody, filed pursuant to Title 28, United States Code,

Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective

Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that: (1) the court

lacked subject matter jurisdiction to prosecute him; (2) his sentence was excessive; and (3) his

sentence was improperly enhanced. On June 20, 2008, this court warned the petitioner that his

claims appeared to be barred by the doctrine of procedural default, and advised him that if he did

not file a response, his claims would be dismissed. On June 30, 2008, the petitioner filed a

response. After performing a preliminary review of the petition and case file, the court concludes

that a response by the government is unnecessary as it plainly appears that the petitioner is not

entitled to relief. For the reasons set out herein, the petitioner's motion is **DENIED**.

I. Factual and Procedural History

On September 20, 2007, pursuant to the terms of a written plea agreement, the petitioner

pled guilty to two counts of a multi-count superseding indictment: Count Eight, conspiracy to

obstruct, delay and affect commerce by robbery, in violation of Title 18, United States Code, Section 1951; and Count Thirteen, possession of a firearm by a drug user, in violation of Title 18, United States Code, Section 922(g)(3). As part of the plea agreement, the government agreed to dismiss certain counts of the superseding indictment at sentencing. A written statement of facts in support of the guilty plea was also prepared by the parties, signed by the petitioner, and filed in open court.

Prior to sentencing, a Presentence Investigative Report ("PSR") was prepared by the Probation Office of this court. On December 20, 2007, the petitioner submitted a position paper with respect to sentencing, in which he noted various objections to the PSR and contended that he should receive a reduced sentence because he was a minor participant in the offenses, pursuant to U.S.S.G. § 3B1.2. On January 4, 2008, the court held a sentencing hearing, at which time it heard argument from counsel for both parties and determined that the PSR had properly calculated the petitioner's sentencing range under the advisory sentencing guidelines. The court sentenced the petitioner to concurrent terms of 66 months imprisonment for each count of conviction, a sentence that fell within the guideline range. The petitioner, who had agreed via the plea agreement to waive his right to appeal, did not appeal his sentence.

Instead, the petitioner has filed the instant § 2255 petition, alleging that: (1) the court lacked subject matter jurisdiction over the offense charged in Count Eight of the superseding indictment, in that the robbery in which he participated had insufficient effect on interstate commerce to bring it within the purview of the Hobbs Act, 18 U.S.C. § 1951; (2) he was improperly sentenced outside of the guidelines range with respect to Count Five of the

2

superseding indictment;[1] and (3) his sentence was improperly enhanced on the finding that he had possessed a firearm in relation to another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6). At no point did the petitioner raise these objections prior to or during his sentencing hearing, and he did not raise them on appeal.

## II.  Standard of Review

A petitioner bringing a collateral attack pursuant to § 2255 bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A petitioner must prove his grounds by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). After a § 2255 motion is submitted to the court, a district judge is required to perform a preliminary review of such motion; federal rules state:

> The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response . . . or to take other action the judge may order.

R. Governing § 2255 Proceedings for U.S. Dist. Cts. 4(b). Here, upon review of petitioner's motion and the case file, the court determines that dismissal of this action under Rule 4(b) without response from the United States Attorney is appropriate.

---

[1] The court notes that the petitioner was not sentenced pursuant to Count Five, but rather that count was dismissed on government motion at the sentencing hearing.

In the order of June 20, 2008, the court, sua sponte, raised the issue of procedural default, warning the petitioner that his claims would be dismissed unless he could adequately demonstrate cause and prejudice for failing to raise the claims at a prior proceeding. The petitioner's response, filed on June 30, 2008, contends that the court should withdraw its June 20 order, but also appears to exceed the scope of the response requested by the court.[2] Instead of demonstrating the cause and prejudice required to excuse his double procedural default, the petitioner's response instead argues that the court should consider his § 2255 petition as filed under 28 U.S.C. §§ 2241 or 1651, which, respectively, govern petitions for habeas corpus and other writs brought in federal court.

With respect to the petitioner's claim that the court should consider his motion as having been filed under § 2241, the Fourth Circuit has held that when § 2255 is inadequate to test the legality of a conviction, a prisoner may file a § 2241 claim with the court in the district in which he is imprisoned.[3] In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000). Section 2255 is inadequate and ineffective to test the legality of a conviction when:

---

[2] For example, the petitioner now seems to argue that he is actually innocent of the crimes of conviction, a claim that was not raised as part of the § 2255 petition. Although the court will consider such allegations in analyzing whether petitioner has presented a valid justification for his procedural default, the court will not consider such arguments as new grounds for relief. Any new arguments presented in petitioner's response that were not raised in petitioner's original § 2255 motion are not properly before this court, but rather, constitute a second or successive § 2255 motion. Because petitioner has not obtained permission from the Fourth Circuit Court of Appeals to file such successive motion, petitioner's new claims are not addressed in this Order.

[3] The petitioner is currently incarcerated at the Federal Correctional Center in Petersburg, Virginia, located within the geographical confines of the Eastern District of Virginia, and therefore this court is the proper venue for a § 2241 claim. The petitioner's suggestion that this court should transfer his petition to the proper venue for consideration as a § 2241 petition is, therefore, incorrect.

4

(1) at the time of conviction, settled law of this circuit or the Supreme Court
established the legality of the conviction;
(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the
substantive law changed such that the conduct of which the prisoner was
convicted is deemed not to be criminal; and
(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the
new rule is not one of constitutional law.

Id. However, the sole reason that the petitioner claims that § 2255 is inadequate is because of the

procedural default bar.  Because the doctrine of procedural default does not satisfy any of the

specific categories enumerated in Jones, the petitioner cannot demonstrate that § 2255 is

inadequate and ineffective to test the legality of his conviction.  Accordingly, the court will not

consider the petition under § 2241.

The petitioner's other contention, that the court should consider the claim under § 1651,

the All Writs Act, is similarly unavailing.  The petitioner specifically references the writ of error

coram nobis; however, such writ is not available to the petitioner, who is currently incarcerated.

See United States v. Morgan, 346 U.S. 502, 507-11 (1954) (holding that federal courts have the

power under the All-Writs Act to grant a writ of error coram nobis to vacate a conviction after

the sentence has been served).  See also United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001)

(holding that a writ of coram nobis applies only when the applicant is not in custody).  Thus, the

petition is not properly considered as one for a writ of coram nobis.

A collateral attack under  § 2255 is far more limited than an appeal.  The doctrine of

procedural default bars the consideration of a claim that was not raised at the appropriate time

during the original proceedings or on appeal.  A collateral challenge is not intended to serve the

same functions as an appeal.  United States v. Frady, 456 U.S. 152, 165 (1981).  There are two

instances, however, when a procedurally defaulted claim may be considered on collateral review.

5

The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). In the instant case, the petitioner has not alleged that he is actually innocent of the crimes for which he was convicted, nor has he alleged ineffective assistance of counsel; therefore he must demonstrate both cause and prejudice as a result of the errors he alleges here and did not raise on appeal.

III. Discussion

A. Lack of Subject Matter Jurisdiction

The petitioner, despite being warned that his claims would be dismissed if he did not demonstrate cause and prejudice sufficient to overcome procedural default, has failed to meet that standard. With regard to his first claim, that the court was without subject matter jurisdiction to prosecute him for a violation of the Hobbs Act, the petitioner argues that this claim is properly raised in a § 2255 petition. Even if he is correct, however, he has failed to demonstrate evidence in support of his claim–rather, the record clearly reveals that the petitioner

knowingly entered into an agreement with his co-defendants, whose purpose was to obtain narcotics by robbing a narcotics dealer, and that the defendant and his co-conspirators committed various overt acts in furtherance of the conspiracy, including telephoning the narcotics dealer who was the target of the robbery, meeting him at a prescribed location, and then robbing him at gunpoint of a quantity of marijuana, a revolver and ammunition, and a sweatshirt. See Statement of Facts, United States v. Pipkins, 4:07cr58 (E.D. Va. 2007), Dkt. # 100. The petitioner's claim, that this robbery had little effect on interstate commerce, is belied by the fact that narcotics trafficking indisputably has an effect on interstate commerce.

The well-established law from the Fourth Circuit, as well as several other circuits, is that even a "de minimis" effect or "probable" effect on interstate commerce is sufficient to meet the jurisdictional element of the Hobbs Act. United States v. Williams, 342 F.3d 350 (4th Cir. 2003), clearly sets forth the applicable test and plainly establishes that robbery from a business engaged in interstate commerce is itself enough to meet the jurisdictional requirement. In Williams, the Fourth Circuit concluded that robbery of only $1,000 from a drug dealer satisfied the jurisdictional element of 18 U.S.C. § 1951(a). The most succinct explanation of the proper standard as set forth in Williams is:

> The Hobbs Act also does not require proof that a defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions. United States v. Spagnolo, 546 F.2d 1117, 1118-19 (4th Cir.1976). Commerce is sufficiently affected under the Hobbs Act where a robbery depletes the assets of a business that is engaged in interstate commerce. United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir.1990). The question is not simply whether one particular offense has a measurable impact upon interstate commerce, but whether the relevant class of acts has such an impact. United States v. Marrero, 299 F.3d 653, 655 (7th Cir.2002). Drug dealing, to repeat, is an inherently economic enterprise that affects interstate commerce. Id. at 654-56. For this reason, the

7

> robbery of a drug dealer has been found to be the kind of act which satisfies the
> "affecting commerce" element of the Hobbs Act, inasmuch as such a robbery
> depletes the business assets of the drug dealer. See, e.g., id.; United States v.
> Jamison, 299 F.3d 114, 119-20 (2d Cir.2002).

Williams, 342 F.3d at 355 (emphasis added).

In United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir. 1990), the Fourth Circuit

discussed the "depletion of assets theory" explaining that "the government may satisfy the

[Hobbs] Act's jurisdictional predicate indirectly if it can show a reasonable probability that the

defendants' actions would have the effect of depleting the assets of an entity engaged in interstate

commerce." Id. (emphasis added).  The Fourth Circuit further recognized the "looseness" with

which the jurisdictional element is applied and the "jurisdictional predicate may be satisfied

though the impact upon commerce is small, and it may be shown by proof of probabilities

without evidence that any particular commercial movements were affected." Id. (quoting United

States v. Brantley, 777 F.2d 159, 162 (4th Cir.1985), cert. denied, 479 U.S. 822 (1986))

(emphasis added).  The court did however note that although the government can carry its burden

by showing that the effect on interstate commerce is "indirect, minimal and less than certain," the

government must at least show that the effect was "reasonably probable." Id.  Accordingly, even

were the petitioner's claim not barred by the doctrine of procedural default, he cannot

demonstrate that the court lacked jurisdiction to prosecute him under 18 U.S.C. § 1951.

B.  Improper Sentencing Enhancements

With respect to the second and third claims of the § 2255 petition, these claims are clearly

barred by the doctrine and procedural default, and the petitioner has made no effort to excuse his

failure to raise them at a prior point in the case.  Even were the petitioner able to demonstrate

8

cause and prejudice for this failure, the claims are plainly without merit.  The petitioner contends in his second claim that the sentence he received with respect to Count Five was outside of the advisory guideline range.  As the court has indicated supra, the petitioner was not convicted of Count Five, but rather that count was dismissed at sentencing.  Even if, however, the petitioner intended to refer to Count Thirteen of the superseding indictment, he is plainly incorrect that he was sentenced outside of the guideline range for that offense.  Had the petitioner been convicted solely of the offense charged in Count Thirteen, possession of a firearm by a drug user, in violation of 18 U.S.C. § 922(g)(3), the advisory guideline range for sentence would likely have been significantly lower.  However, because he was also convicted of Count Eight, conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951, his advisory guideline calculation was based largely on that offense.  See U.S.S.G. § 2K2.1 (noting that if the defendant "used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, then apply U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined" under U.S.S.G. § 2K2.1).  Because the advisory guideline range with respect to Count Eight was greater, the court applied U.S.S.G. § 2X1.1 and found that the offense level total for both Count Eight and Count Thirteen was 26.  The advisory sentencing range for 26/I is 63-78 months, and the petitioner's sentence of 66 months falls within that range.  Thus, the petitioner's second claim, even if it was not procedurally defaulted, must be dismissed.

The third claim in the § 2255 petition is similarly without merit, as the enhancement

9

complained of, U.S.S.G. § 2K2.1(b)(6), was not applied to the calculation of the petitioner's advisory guideline range. Rather, as indicated above, the calculation of the offense level was driven by the guideline section that applies to robbery, U.S.S.G. § 2B3.1. Accordingly, the petitioner's claim that his sentence was improperly enhanced under U.S.S.G. § 2K2.1(b)(6), is factually incorrect and subject to dismissal.

IV.  Conclusion

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia.

The petitioner is **ADVISED** that he may appeal from this denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

_____/s/_____

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 2, 2008

10